SAMUEL R. WATKINS (SBN 272162)
swatkins@thompsoncoburn.com
THOMPSON COBURN LLP
2029 Century Park East, 19th Floor
Los Angeles, California 90067
Tel: 310.282.2500 / Fax: 310.282.2501                    JS-6

Attorneys for Plaintiff CHARTER
COMMUNICATIONS HOLDING
COMPANY, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CHARTER COMMUNICATIONS HOLDING COMPANY, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>KANNYN MACRAE, an individual; WATCH FREE HDTV, a California business entity of unknown type; and ARAMARA LLC D/B/A BRAND HUT, a California limited liability company,<br><br>Defendants. | **CASE NO. 2:18-cv-00577-JFW-KS**<br><br><br>**CONSENT JUDGMENT AND PERMANENT INJUNCTION AGAINST ALL DEFENDANTS** |

CONSENT JUDGMENT

Plaintiff Charter Communications Holding Company, LLC ("Charter") and Defendants Kannyn MacRae ("MacRae), Watch Free HDTV, and Aramara LLC d/b/a Brand Hut ("Brand Hut") (collectively, "Defendants"), having settled this action on terms agreeable to all parties, and pursuant to the terms of their Confidential Settlement Agreement it is hereby ORDERED, ADJUDGED and DECREED as follows:

1. Defendants have stipulated to, and the Court finds that Defendants have admitted to, the following:

    a. Charter is the owner of United States design service mark Reg. No. 4,559,311 (the "Charter Mark").

    b. On or about December 14, 2017, Charter first sent cease and desist correspondence to MacRae and Watch Free HDTV alerting them that the sales of their digital TV antenna ("Infringing Product") with the assistance of Brand Hut were infringing the Charter Mark.

    c. Defendant MacRae, on behalf of himself and Watch Free HDTV, acknowledged the infringement and promised to cease same.

    d. Defendants did not cease their infringement of the Charter Mark and continued to sell the Infringing Products bearing copies of the Charter Mark.

    e. On or about January 24, 2018, Charter filed suit against Defendants in the United States District Court for the Central District of California (Case No. 2:18-cv-00577-JFW-KS).

    f. Since December of 2016, Defendants have sold $110,676.56 worth of the Infringing Products.

    g. Given the close similarity of the Charter Mark and Defendants' mark, there is a high likelihood of confusion among relevant purchasers as to the

source of the Infringing Products.

h.  Defendants understand that, in its Complaint, Charter is seeking its actual damages as a result of Defendants' conduct, treble damages, prejudgment interest, and attorneys' fees and expenses.

i.  Defendants, without authorization or license from Charter, used or reproduced the Charter Mark in connection with their distribution, importation, shipping, advertising, offering for sale, selling, and facilitating the sale of Defendants' Infringing Products in commerce.

j.  Charter has incurred attorneys' fees in excess of $30,000 pursuing this matter.

k.  Defendants consent to entry of judgment against them, jointly and severally, in the amount of $140,676.56.

2.  Pursuant to 15 U.S.C. § 1116 and Federal Rule Civil Procedure 65, Defendants, their agents, heirs, successors and assigns, and any company controlled by Defendants, are permanently enjoined from all sales, offers for sales, marketing, internet websites, or any other conduct which infringes the Charter Mark. Defendants are further permanently enjoined from any sales and marketing activity which knowingly utilizes any of Charter's intellectual property or marks or any marks confusingly similar thereto, whether related to the sales of the Infringing Product or any other product or service.  This permanent injunction shall take effect immediately.

3.  Defendants, their agents, heirs, successors and assigns, are permanently enjoined from challenging the validity or enforceability of the Charter Mark in any future  proceeding, including but not limited to any proceeding before any judicial or administrative tribunal including without limitation any court, arbitrator, or the United States Patent and Trademark Office.

4.      Judgment is hereby entered against Defendants, jointly and severally, in the amount of $140,676.56.

5.      This Court shall retain jurisdiction and venue over the parties, this Consent Judgment, and the parties' Settlement Agreement so that any disputes or controversies that may arise with regard to any of them shall be exclusively brought before this Court for resolution thereof. Without limiting the generality of the foregoing, either party shall bring any action to enforce any provision of any related settlement agreement solely by filing an action in this Court.

6.      The terms of this Consent Judgment and the terms and stipulations of the Settlement Agreement executed by the parties are binding on the parties in any future action and the parties are foreclosed, in any future action, from litigating any of such terms and stipulations.

7.      The parties shall bear their own costs and attorneys' fees.

8.      This Consent Judgment constitutes a Final Judgment pursuant to Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

Dated:   April 16, 2018_____

_____                                    _____
                                          Honorable Judge John F. Walter
                                          United States District Court

[SIGNATURE PAGE FOLLOWS]

1

2
DATED: April 9, 2018          THOMPSON COBURN LLP

3

4
By:        /s/ Samuel R. Watkins

5
SAMUEL R. WATKINS

6
Attorneys for Plaintiff CHARTER
COMMUNICATIONS HOLDING

7
COMPANY, LLC

8

9
Kannyn MacRae

10

11

12
****

13

14
Watch Free HDTV

15

16

17
By: KANNYN MACRAE

18

19
****

20

21
Aramara, LLC d/b/a Brand Hut

22

23

24
By: NIMA Ahmadnejris

25

26

27

28